UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville and London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7:24-03-DCR-CJS-1 |
| | ) | Civil Action No. 6:26-50-DCR-CJS |
| v. | ) | |
| | ) | |
| SASHA J. ADKINS, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Sasha J. Adkins, proceeding *pro se*, has filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[1] (*See* R. 72).  In her Amended Motion, Adkins claims that, among other deficiencies, her counsel refused to file a notice of appeal on her behalf.  (*Id.* at Page ID 273).  The United States has responded to Adkins's Amended Motion and agrees that the Court should grant relief to Adkins on this specific point by allowing her to file a delayed appeal. (R. 76).  In particular, the United States highlights certain record information that supports a conclusion that Adkins was not afforded constitutionally effective assistance of counsel because her counsel failed to file a notice of appeal on her behalf.  (*Id.* at Page ID 294-95).

---

[1] After the Court reviewed Adkins's original filing (R. 66), Adkins was ordered to file a completed AO 243 Form, which would replace her § 2255 Motion in its entirety (*See* R. 68).  On January 21, 2026, the Clerk of Court received Adkins's completed AO 243 Form (R. 72) and docketed that filing as Adkins's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Judge Reeves then entered an Order denying Adkins's original § 2255 Motion filing as moot. (*See* R. 74 at Page ID 285 ("While the filing date of her original motion may be relevant in resolving issues in this collateral proceeding, the relief sought through the original motion is now superseded by the amended motion" (internal record citation omitted)).  Consequently, Adkins's Amended § 2255 Motion (R. 72) is now her operative § 2255 Motion filing.

Ordinarily, Adkins would be given the opportunity to reply to the Government's Response and in support of her Amended § 2255 Motion. However, under the circumstances, the Court perceives no need to await a reply by Adkins or to conduct an evidentiary hearing. Instead, the record is sufficient for the undersigned to, at this time, issue a recommendation, pursuant to 28 U.S.C. § 636(b), that Adkins's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 72) be **granted in part** and **denied in part.**

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2024, Adkins was indicted in this District on charges of possession with the intent to distribute controlled substances (methamphetamine and fentanyl) and possession of a firearm as a convicted felon. (*See* R. 1). At Adkins's arraignment, Attorney Sebastian M. Joy was appointed to represent her pursuant to the Criminal Justice Act. (*See* R. 15). After holding a detention hearing, the Court ordered Adkins be detained pending trial. (*See* R. 29). On April 3, 2024, Attorney Jennifer L. Taylor entered an appearance as retained counsel for Adkins. (R. 30). Attorney Joy was then granted leave to withdraw as counsel for Adkins. (R. 34; *see also* R. 33).

On May 5, 2024, Adkins moved for rearraignment, noting she had entered into a written plea agreement with the United States. (R. 37; *see also* R. 39). In the plea agreement, Adkins agreed to plead guilty to possession with the intent to distribute controlled substances (methamphetamine and fentanyl) and, in exchange, the United States would move to dismiss the firearm count. (R. 39 at Page ID 99, ¶ 1). The parties had not reached an agreement regarding Adkins's criminal history category under the United States Sentencing Guidelines. (*Id.* at Page ID 101, ¶ 6). Additionally, in the plea agreement, Adkins waived her right to challenge her guilty plea or conviction on appeal but reserved the right to appeal her sentence. (*Id.* at Page ID 101, ¶

2

8).  She also waived her right to collaterally attack her plea, conviction, or sentence, except for claims of ineffective assistance of counsel.  (*Id.*).

Presiding District Judge Danny C. Reeves held  Adkins's rearraignment on May 10, 2024, at which time, he conducted the standard plea colloquy.  (R. 40; *see also* R. 69).  At that hearing, Adkins testified that she had seen and been advised of the charges brought against her, understood those charges, and was satisfied by Attorney Taylor's representation and advice up to that point.  (R. 69 at Page ID 217).  The Government then summarized the plea agreement, specifically noting the parties had not come to an agreement about a two-level firearm enhancement.  (*Id.* at Page ID 218-22).

During the plea hearing, both Adkins and Attorney Taylor agreed with the Government's characterization of the agreement.  (*Id.* at Page ID 222-23).  Notably, Attorney Taylor indicated she understood the United States would seek a firearm enhancement at sentencing.  (*Id.* at Page ID 222).  The Court then informed Adkins of the potential penalties she faced if it accepted the plea agreement and explained how her sentence would be calculated under the Guidelines.  (*Id.* at Page ID 223-28).  The Court also noted that, although Adkins reserved the right to appeal her sentence, she would have to timely file a notice of appeal if she wished to do so.  (*Id.* at Page ID 229-30).  At the conclusion of the hearing, the Court found that Adkins's plea was knowing and voluntary and, as such, accepted it and pronounced her guilty of possession with intent to distribute controlled substances (methamphetamine and fentanyl).  (*Id.* at Page ID 238).

After Adkins's rearraignment, Attorney Taylor filed three motions to continue Adkins's sentencing hearing due to various medical appointments she had scheduled.  (R. 46; R. 49; R. 51).  The Court granted each, and Adkins's sentencing was set for December 5, 2024.  (R. 52; *see also* R. 47; R. 50).  On October 31, 2024, the Clerk of Court received a letter from Adkins, wherein she

3

requested her sentencing be advanced.  (R. 53).  After confirming counsel could not attend an earlier date, the Court denied Adkins's request.  (R. 54).  Adkins then requested, in another letter, to be placed on house arrest pending her sentencing hearing.  (*See* R. 55).  The Court denied Adkins's request.  (R. 56).

On December 5, 2024, Adkins was sentenced to 135 months in prison to be followed by 5 years of supervised release.[2]  (R. 57; R. 59; *see also* R. 70).  During Adkins's sentencing hearing, the Court indicated it would recommend Adkins obtain her GED while incarcerated.  (R. 70 at Page ID 255).  Adkins objected because she had already obtained her GED.  (*Id.* at Page ID 259-60).  The Court then removed its recommendation.  (*Id.*).  Adkins did not raise any other objections relating to her sentence.  (*See id.* at Page ID 259-61).  Adkins was advised of her right to appeal her sentence, and she and Attorney Taylor signed a written acknowledgement of the Court's Advise of Right to Appeal.  (*Id.*; R. 58).  Adkins's Judgment was entered on December 6, 2024.  (*See* R. 59).

Notably,  as reflected in the minutes of the sentencing hearing, the Court ordered Attorney Taylor to file a specific notice concerning Adkins's wishes regarding any appeal:

> After the fourteen-day period has passed for filing a notice of appeal, counsel for the defendant is directed to file a notice with the Court confirming that he has again conferred with the defendant regarding his appellate rights and, if the defendant chooses not to file a notice of appeal, indicating such in the notice. If a notice of appeal is filed, counsel need not file this information with the Court.

(R. 57 at Page ID 143).    Conspicuously, neither a notice by Attorney Taylor nor a Notice of Appeal were filed of record.

Nearly a year after Judgment was entered, the Clerk received a letter from Adkins on November 18, 2025, styled as a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C.

---

[2] It is worth noting that neither party objected to the presentence report.  (*See* R. 57).

§ 2255. (*See* R. 66). Therein, Adkins raised claims of ineffective assistance of counsel and asked that the Court vacate her sentence. (*Id.*). After reviewing her filing, the Court ordered Adkins to file a completed AO 243 Form, which would replace her § 2255 Motion in its entirety. (*See* R. 68).

After a further deadline was set for Adkins to make her revised filing (R. 71), the Clerk of Court received Adkins's completed AO 243 Form (R. 72) on January 21, 2026. The Clerk docketed that filing as her Adkins's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (*See id.*). Judge Reeves then entered an Order denying Adkins's original § 2255 Motion filing as moot. (*See* R. 74 at Page ID 285 ("While the filing date of her original motion may be relevant in resolving issues in this collateral proceeding, the relief sought through the original motion is now superseded by the amended motion" (internal record citation omitted)). Consequently, Adkins's Amended § 2255 Motion (R. 72) is now her operative § 2255 Motion filing.

In her Amended § 2255 Motion, Adkins raises several claims of ineffective assistance of counsel, including that: (1) her counsel failed to interview witnesses, in preparation for or to present evidence at sentencing; (2) her counsel failed to adequately advise her regarding her plea agreement; (3) her counsel could not meet with her in jail because her attorney was prohibited from entering the facility; (4) at sentencing, her counsel failed to argue for a safety-valve reduction; and (5) her counsel refused to file a notice of appeal despite Adkins's insistence she wanted to appeal. (*See generally* R. 72).

In its Response to the Amended § 2255 Motion, the United States concedes that Attorney Taylor provided constitutionally defective assistance with respect to Adkins's claim concerning her desire to appeal. (R. 76 at Page ID 290). The Government specifically points to two details

5

in support of its position.  First, the United States is hard pressed to oppose Adkins's claim because, even though Taylor did not file a notice of appeal on Adkins's behalf, neither did she file a notice that Adkins had waived her right to appeal as directed by Judge Reeves.  (*Id.* at Page ID 295). Second, the Government directs the Court to *United States v. Howard*, No. 6:26-CR-17-CHB-HAI-1, at R. 19, R. 28, and R. 29 *therein*, which concern disciplinary actions taken against Taylor. (*Id.*).  Without belaboring the point, Taylor has been suspended from practicing law in the Bankruptcy Court of the Eastern District of Kentucky based on communication issues with clients and missed court appearances.  *See* No. 6:26-CR-17-CHB-HAI-1, at R. 19-1, R. 19-3 *therein*.

As relief, the Government submits the Court should vacate the Judgment and enter an Amended Judgment imposing the same sentence, which would permit Adkins to pursue an appeal. (*Id.*).  The Government continues, however, that Adkins's other grounds for relief should be denied as moot because they will either be dealt with on appeal or could be raised in a subsequent § 2255 motion.  (*Id.* at Page ID 296).

For the reasons explained below, the Court agrees with the United States and finds that an Amended Judgment is warranted based on retained counsel's failure to file a notice of appeal for Adkins.  Therefore, the undersigned will recommend that Adkins's Amended § 2255 Motion (R. 72) be **granted in part** and **denied in part.**

## II.    ANALYSIS

Through her Amended Motion, Adkins contends her Sixth Amendment right to the effective assistance of counsel was violated because her counsel failed to ensure a notice of appeal was appropriately filed despite her specific instructions to her counsel to do so.  (R. 72). Generally, to prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) her counsel's performance was constitutionally deficient, and (2) her counsel's deficient performance

6

so prejudiced the defense that, but for counsel's alleged errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The two-part Strickland test applies to a claim that counsel was ineffective for failing to file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000); *Regalado v. United States*, 334 F.3d 520, 524-25 (6th Cir. 2003).

The Supreme Court has held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. Importantly, the Supreme Court has rejected the proposition that a defendant must always establish prejudice by showing possible success on the merits, explain that "it is unfair to require an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (citing *Flores-Ortega*, 528 U.S. at 486). Instead, deficient performance in this context causes prejudice as it results in the "denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right." *Id.* at 357 (citing *Flores-Ortega*, 528 U.S. at 483). Thus, to prevail under *Strickland*'s prejudice prong, "the defendant need only 'demonstrate that, but for counsel's deficient conduct, [s]he would have appealed.'" *Id.* (citing *Flores-Ortega*, 528 U.S. at 486).

The circumstances at bar lend themselves favorably to the conclusion that, but for Taylor's misconduct, Adkins would have appealed her sentence. In her Motion, Adkins repeatedly represents that Taylor told her she could not appeal. (*See, e.g.*, R. 72 at Page ID 268-73; *see also* R. 72-1 at Page ID 277-78). Further, Adkins alleges that Taylor refused to file a notice of appeal on her behalf and told Adkins to find new counsel. (R. 72 at Page ID 273). Further, the record

7

shows no actions by Taylor that contradict or undermine Adkins's allegations.  Indeed, it is undisputed that a notice of appeal was not filed.  It is also undisputed that Taylor was ordered to file a notice if, after consultation, Adkins did not wish to appeal.  (R. 57).  That neither were filed supports Adkins's version of events.

At bottom, Adkins maintains Taylor did not file an appeal, even though she asked her to. The record supports Adkins's version of events, a conclusion the Government does not dispute. Accordingly, the Court finds the circumstances of this case warrant a finding that there is a reasonable probability that, but for Taylor's deficiency in failing to properly file Adkins's appeal, she would have timely appealed. Relief under *Strickland* is thus warranted.  *See Flores-Ortega*, 528 U.S. at 484; *see also Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012) ("the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment" (quoting *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998))).  As such, it will be recommended that the presiding District Judge grant Adkins's Amended § 2255 Motion, vacate the Judgment, and enter an Amended Judgment, which will provide Adkins with an opportunity to pursue an appeal.

As for Adkins's other grounds for relief, however, it will be recommended that they be denied without prejudice as moot.  Indeed, in similar situations, this Court has denied as moot other grounds for relief because they might be addressed directly on appeal.  *See United States v. Lara Salas*, No. 5:17-CR-101-DCR-HAI-1, at R. 211 (adopted by R. 212) *therein*.  And to the extent Adkins's claims are not adjudicated on direct appeal, she would be afforded the opportunity to raise them again in a § 2255 motion based on the Amended Judgment.  *See Emilio-Medina v. United States*, 2019 WL 1992090, at *2 (S.D. Ohio May 6, 2019) (holding that, where a § 2255 motion is granted for an attorney's failure to appeal, other grounds for relief that are denied without

8

prejudice are preserved for subsequent § 2255 filings (collecting cases)).  Moreover, this Court would be precluded from considering Adkins's other grounds while an appeal is pending before the Sixth Circuit.  *Id.* ("In absence of extraordinary circumstances, a district court is precluded from considering a motion to vacate under § 2255 during the pendency of the movant's direct appeal." (citing *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998))).

Finally, the Court concludes that an evidentiary hearing is unnecessary in this matter.  The United States does not contest that Adkins is entitled to relief on her claim that Taylor failed to file a notice of appeal on her behalf.  In reviewing a § 2255 motion, an evidentiary hearing is only necessary to determine the truth of the petitioner's claims in the event a factual dispute arises.  *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007); *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999).  Where, as here, there is not a factual dispute, an evidentiary hearing is not necessary.

## III.   CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons set forth herein, **IT IS RECOMMENDED** as follows:

1)   Adkins's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 72) **BE GRANTED IN PART** with respect to her claim of ineffective assistance of counsel based on Attorney Taylor's failure to file a notice of appeal;

2)   Adkins's other grounds for relief set forth in her Amended § 2255 Motion (R. 72) **BE DENIED** without prejudice **AS MOOT**;

3)   The December 6, 2024 Final Judgment (R. 59) **BE VACATED**;

4)   An Amended Judgment **BE ENTERED** reimposing the same sentence;

5)   The Clerk of Court **BE DIRECTED TO FILE** a notice of appeal on Adkins's behalf within **fourteen (14) days** from entry of the Amended Judgment; and

6)      Adkins **BE ORDERED TO FILE** with the Sixth Circuit an application to proceed *in forma pauperis* along with a motion for appointment of counsel after entry of the notice of appeal.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute.  *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 19th day of March, 2026.



Signed By:

*Candace J. Smith*

United States Magistrate Judge

G:\Judge-CJS\DATA\habeas petitions\2255 IAC\24-3-DCR Adkins R&R.docx

10